Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager (SBN 252114)
nbontrager@attorneysforconsumers.com
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228

Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Matthew Loker, Esq. (SBN 279939)
ml@kazlg.com
KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800)400-6808
Facsimile: (800)520-5523

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD CHEN, AND FLORENCIO PACLEB, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 3:13-CV-00685-LB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**
-1-

Plaintiffs, Richard Chen and Florencio Pacleb ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiffs bring this action for themselves and others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Allstate Insurance Company ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Venue is proper in the United States District Court for the Northern District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff Chen is a resident of San Mateo County.

## PARTIES

4. Plaintiff, Richard Chen ("Plaintiff"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Plaintiff, Florencio Pacleb ("Plaintiff"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6. Defendant, Allstate Insurance Company ("Defendant"), is a national leader in providing automobile, property, life and various other insurance policies to millions of consumers nationwide and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS FOR PLAINTIFF RICHARD CHEN

7. Beginning in or around January 2013, Defendant contacted Plaintiff on his cellular telephone number ending in 2123 in an attempt to solicit Plaintiff into purchasing one of Defendant's many insurance policies available.

8. To date, Defendant has placed no less than eight (8) calls to Plaintiff's cellular telephone seeking to solicit Plaintiff's business. Specifically, Defendant placed two (2) calls to Plaintiff's cellular telephone on January 23, 2013, three (3) calls on January 24, 2013, one (1) call on January 25, 2013, one (1) call on January 28, 2013 and one (1) call on January 29, 2013. All calls from Defendant were placed from Defendant's telephone number of (866) 797-7639.

9. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff soliciting his business.

10. On several occasions, Plaintiff would answer Defendant's telephone call in order to advise Defendant to cease calling. However, Plaintiff was unable to speak with a live human representative as Plaintiff was routinely greeted by "dead air" on the other end of the call.

11. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

13. Plaintiff is not a customer of Defendant and has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

**FACTUAL ALLEGATIONS FOR PLAINTIFF FLORENCIO PACLEB**

14. Beginning in or around February 2013, Defendant contacted Plaintiff on his cellular telephone number ending in 1260 in an attempt to solicit Plaintiff into purchasing one of Defendant's many insurance policies available.

15. To date, Defendant has placed no less than five (5) calls to Plaintiff's cellular telephone seeking to solicit Plaintiff's business. Specifically, Defendant placed four (4) calls to Plaintiff in late February, from (888)259-0180. Further, Defendant called Plaintiff on or about

March 05, 2013, from (877)798-9059.

16. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff soliciting his business.

17. Plaintiff would answer Defendant's telephone call in order to advise Defendant to cease calling. However, Plaintiff was unable to speak with a live human representative, as Plaintiff was routinely greeted by "dead air" on the other end of the call, followed by a pre-recorded message asking for an individual named Frank Arnold. On March 05, 2013, Defendant called Plaintiff from (877)798-9059, and left Plaintiff a pre-recorded voice-message asking Frank Arnold to return Defendant's call.

18. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

19. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

20. Plaintiff is not a customer of Defendant and has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

21. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a member of the proposed class (hereafter "The Class") is defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

22. Plaintiffs represent, and are members of, The Class, consisting of All persons

within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

23. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Class includes tens of thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendant.

25. Plaintiffs and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and Class members via their cellular telephones thereby causing Plaintiffs and Class members to incur certain charges or reduced telephone time for which Plaintiffs and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and Class members.

26. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class

member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiffs and the Class members were damages thereby, and the extent of damages for such violation; and

    c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person that received numerous calls from Defendant using an automatic telephone dialing system, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The Class.

28. Plaintiffs will fairly and adequately protect the interests of the members of The Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

29. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

30. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

31. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the

Class as a whole.

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

32. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

34. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

35. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

36. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

38. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

39. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 8th Day of March, 2013.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff