**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 North Main Street, Suite 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**[ADDITIONAL PLAINTIFFS' COUNSEL ON SIGNATURE LINE]**

*Attorneys for Plaintiffs*,
Richard Chen; and, Florencio Pacleb

*KAZEROUNI LAW GROUP, APC*
*2700 N. Main Street, Ste. 1000*
*Santa Ana, California 92705*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD CHEN; AND, FLORENCIO PACLEB, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**ALLSTATE INSURANCE COMPANY,**<br><br>Defendant. | **Case No.:** 13-cv-685 PJH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**DATE:** June 5, 2013<br>**TIME:** 9:00 A.M.<br>**COURTROOM:** 3<br><br>**HON. PHYLLIS J. HAMILTON** |

///
///
///
///
///
///
///

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................. 1

II.   HISTORY OF THE TELEPHONE CONSUMER PROTECTION ACT . 1

III.  PROCEDURAL HISTORY & STATEMENT OF FACTS ...................... 2

IV.  LEGAL STANDARD ........................................................... 4

    A. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) ............... 4

    B. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) ............... 5

V.   ARGUMENT ..................................................................... 6

    A. EVIDENCE OF DEFENDANT'S FED. R. CIV. P. 68 IS INADMISSIBLE FOR
    PURPOSES OF THE present MOTION ..................................................... 6

    B. MR. PACLEB'S CLAIMS ARE NOT MOOTED BY AN UNACCEPTED FED.
    R. CIV. P.68 OFFER OF JUDGMENT ..................................................... 12

        1. Genesis *explicitly refused to address whether an*
        *unaccepted offer that fully satisfies a plaintiff's claim is*
        *sufficient to render the claim moot* ....................................... 8

        2. *The Ninth Circuit held that where a defendant makes an*
        *unaccepted Fed. R. Civ. P. 68 Offer of Judgment that fully*
        *satisfies a named plaintiff's individual claim before the*
        *named plaintiff files a motion for class certification, the*
        *offer does not moot the case* ................................................. 9

    C. MR. PACLEB MAINTAINS A CONCRETE INTEREST IN THE OUTCOME OF
    THIS LITIGATION ......................................................................... 12

    D. MR. PACLEB HAS STANDING TO ASSERT A VIOLATION OF THE
    TELEPHONE CONSUMER PROTECTION ACT ....................................... 14

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1. *Defendant's reliance upon 47 U.S.C. § 227(b)(1)(B) is incomprehensible* ............................................................. 14

2. *Defendant's reliance upon unrelated and unpublished authority is equally perplexing* ........................................... 15

VI.   CONCLUSION .......................................................................... 17

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

# TABLE OF AUTHORITIES

CASES                                                                 PAGE(S)

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir. 1990) ........................................................ 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................. 5

*BTW Deceived v. Local S6,*
    132 F.3d 824 (1997) .................................................................. 4

*Cellco Partnership v. Dealers Warranty, LLC,*
    2010 U.S. Dist. LEXIS 106719 ................................................. 15, 16, 17

*County of Riverside v. McLaughlin,*
    500 U.S. 44 (1991) .............................................................. 10, 11, 13

*Czech v. Wall St. on Demand, Inc.,*
    674 F. Supp. 2d 1102 (D. Minn. 2009) ............................................. 1

*Deposit Guar. Nat'l Bank v. Roper,*
    445 U.S. 326 (1980) .............................................................. 11, 12

*D.G. v. William W. Siegel & Assocs.,*
    791 F. Supp. 2d 622 (2011) ..................................................... 15, 16, 17

*D.H.L. Assocs., Inc. v. O'Gorman,*
    199 F.3d 50 (1999) .................................................................. 4

*DHX, Inc. v. Allianz AGF MAT, Ltd.,*
    425 F.3d 1169 (9th Cir. 2005) ..................................................... 10

*Donahue v. City of Boston,*
    304 F.3d 110 (2002) .................................................................. 4

*Foster v. Carson,*
    347 F.3d 742 (9th Cir. 2003) ....................................................... 10

*Genesis Healthcare Corp. v. Symczyk,*
    2013 U.S. LEXIS 3157 (U.S. Apr. 16, 2013) ................................... passim

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

*Gerstein v. Pugh,*
    420 U.S. 103 (1975) ............................................................... 11, 13

*Gonzalez v. United States,*
    284 F.3d 281 (2002) ..................................................................... 4

*Hall v. County of Santa Barbara,*
    833 F.2d 1270 (9th Cir. 1986) ...................................................... 5

*Hoffman-La Roche, Inc. v. Sperling,*
    493 U.S. 165 (1989) ..................................................................... 8

*In re Cool, Cool, Water LLC,*
    2007 Bankr. LEXIS 1202 .............................................................. 6

*Leyse v. Bank of America, N.A.,*
    2010 U.S. Dist. LEXIS 58461 .......................................... 15, 16, 17

*Marek v. Chesny,*
    473 U.S. 1 (1985) ......................................................................... 6

*Manzarek v. St. Paul Fire & Marin Incs. Co.,*
    519 F.3d 1025 (9th Cir. 2008) ...................................................... 5

*McDougal v. County of Imperial,*
    942 F.2d 668 (9th Cir. 1991) ........................................................ 5

*Mims v. Arrow Fin. Servs., LLC,*
    132 S. Ct. 740 (U.S. 2012) ........................................................... 1

*Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill,*
    119 U.S. 149 (1886) ..................................................................... 3

*Morales Feliciano v. Rullan,*
    303 F.3d 1 (2002) ......................................................................... 4

*Narragansett Indian Tribe v. Chao,*
    248 F. Supp. 2d 48 (2003) ............................................................ 4

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**TABLE OF AUTHORITIES**

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ............................................................................ 12

*Pitts v. Terrible Herbst, Inc.*,
  653 F.3d 1081 (9th Cir. 2011) .................................................. passim

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) ............................................................ 5

*Satterfield v. Simon & Schuster, Inc.*,
  569 F.3d 946 (9th Cir. 2009) ....................................................... 1, 2

*Soppet v. Enhanced Recovery Co., LLC*,
  679 F.3d 637 (2012) ......................................................................... 17

*Stratman v. Leisnoi, Inc.*,
  545 F.3 1161 (9th Cir. 2008) .......................................................... 10

*Steel Co. v. Citizens for a Better Env't*,
  423 U.S. 83 (1998) .............................................................................. 4

*Stewart v. Cheek & Zeehandelar, LLP*,
  252 F.R.D. 384 (2008) ...................................................................... 12

*United States Parole Comm'n v. Geraghty*,
  445 U.S. 388 (1980) ............................................................ 11, 12, 13

*Weiss v. Regal Collections*,
  485 F.3d 337(2004) .................................................................. 11, 12

*Yang v. DTS Financial Group*,
  570 F. Supp. 2d 1257 (2008) ............................................................. 5

*Zeidman v. J. Ray McDermott & Co.*,
  651 F.2d 1030 (1981) ........................................................................ 12

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**TABLE OF AUTHORITIES**

1

**STATUTES**

47 U.S.C. § 227 ............................................................................ 1

47 U.S.C. § 227(a)(1) ................................................................... 2

47 U.S.C. § 227(b)(1)(A) ............................................................. 2

47 U.S.C. § 227(b)(1)(A)(iii) .................................................. 2, 14

47 U.S.C. § 227(b)(1)(B) ...................................................... 14, 15

47 U.S.C. § 227(b)(3)(B) ............................................................. 2

Fed. R. Civ. P. 12(b)(1) ............................................................... 4

Fed. R. Civ. P. 12(b)(6) ........................................................... 4, 5

Fed. R. Civ. P. 68 ............................................................... passim

Fed. R. Civ. P. 68(b) ................................................................... 6

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KAZEROUNI LAW GROUP, APC**
**2700 N. Main Street, Ste. 1000**
**Santa Ana, California 92705**

**TABLE OF AUTHORITIES**

## I.  INTRODUCTION

The U.S. Supreme Court has noted that consumers are outraged over the proliferation of automated telephone calls that are intrusive, nuisance calls, found to be an invasion of privacy by Congress. *See Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740, 745 (U.S. 2012); *see also Czech v. Wall St. on Demand, Inc.*, 674 F. Supp. 2d 1102, 1106 (D. Minn. 2009) ("this Court does not disagree that unwanted text messages, like spam e-mail, are an annoyance").

Allstate Insurance Company's ("Defendant") Motion to Dismiss identifies no basis to justify dismissal of Florencio Pacleb ("Mr. Pacleb") claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").[1]  First, Mr. Pacleb's claims are not mooted by an unaccepted Fed. R. Civ. P. 68 Offer of Judgment.   Second, *Genesis Healthcare Corp. v. Symczyk* is a narrow decision that considered a "fundamentally different" situation.  Third, Mr. Pacleb has standing to assert a violation of the TCPA.

## II.  HISTORY OF THE TELEPHONE CONSUMER PROTECTION ACT

Congress enacted the TCPA in 1991 amidst an unprecedented increase in the volume of telemarketing calls to consumers in America; the TCPA combats the threat to privacy[2] being caused by the automated marketing practices, stating:

---

[1] On May 7, 2013, Plaintiff Richard Chen ("Mr. Chen") accepted Defendant's Offer of Acceptance pursuant to Fed. R. Civ. P. 68.  As such, Mr. Chen is no longer a viable plaintiff.

[2] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (The "TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls," and that "consumers complained that such calls are a 'nuisance and an invasion of privacy.'"). The Federal Communications Commission ("FCC") confirmed in 2003 that "telemarketing calls are even more of an invasion of privacy than they were in 1991," and "we believe that the record demonstrates that telemarketing calls are a substantial invasion of residential privacy, and regulations that address this problem serve a substantial government interest." *Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (2003), F.C.C. Comm'n Order No. 03-153, modified by 18 F.C.C.R. 16972.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

It shall be **unlawful** for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) **to make any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic telephone dialing system** or an artificial or prerecorded voice—. . .

(iii) **to any telephone number assigned to a** paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

The TCPA applies with equal force to the making of automated text message calls as it does to the making of voice calls to cellular phones. *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009). The TCPA's prohibition at issue requires the calls to be made with ATDS, which Congress defines as "equipment which has the *capacity* (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added). The TCPA sets statutory damages at $500 per negligent violation. *See* 47 U.S.C. § 227(b)(3)(B).

## III.  **PRODEDURAL HISTORY & STATEMENT OF FACTS**

Pursuant to Plaintiffs' First Amended Complaint ("FAC") filed on March 8, 2013, Mr. Pacleb began receiving telephonic communications from Defendant in February 2013.  [FAC, page 3, ¶ 14, lines 23-25]. Defendant used an ATDS in order to initiate the telephonic communications in question.  [FAC, page 4, ¶ 16, lines 2-3].  To date, Mr. Pacleb has received at least five calls to Mr. Pacleb's cellular telephone seeking to solicit Mr. Pacleb's business.  [FAC, page 3, ¶ 15, lines 26-27].  Mr. Pacleb is not a customer of Defendant and has never provided any personal information, including Mr. Pacleb's cellular telephone number, to Defendant for any purpose whatsoever.  [FAC, page 4, ¶ 20, lines 15-19].  As such,

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Mr. Pacleb never provided Defendant with Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Mr. Pacleb's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A). [*Id.*].  The calls at issue were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A) and Mr. Pacleb incurred a charge for said telephonic communications.  [*Id.*].

Subsequent to the filing of Plaintiffs' FAC, Defendant made an Offer of Judgment pursuant to Fed. R. Civ. P. 68 on April 10, 2013 to Mr. Pacleb.  Said Offer of Judgment allowed judgment to be taken against Defendant by Mr. Pacleb, individually, in the amount of $10,000 plus reasonable attorneys' fees and costs to the date of acceptance.  See Exhibit A, Court Document No. 14-2, page 2, ¶ 1, lines 22-26 attached to the Declaration of Daniel M. Benjamin filed with Defendant's Motion to Dismiss on March 25, 2013. Defendant's Offer of Judgment permitted Mr. Pacleb had fourteen days to accept Defendant's Offer of Judgment in writing or the offer was deemed revoked.  [*Id.* at page 3, ¶ 6, lines 23-24].  Thereafter, Defendant extended the April 10, 2013 Offer of Judgment until such time as it is accepted by Plaintiffs or withdrawn by Defendant.  See Exhibit B, Court Document 14-3, page 3 attached to the Declaration of Daniel M. Benjamin filed with Defendant's Motion to Dismiss on March 25, 2013.

To date, Mr. Pacleb has rejected Defendant's Offer of Judgment and elected to pursue this action individually and on behalf of all others similarly situated.[3]  In response to Mr. Pacleb's refusal, Defendant filed the current Motion to Dismiss on March 25, 2013.

///

///

---

[3] "An unaccepted settlement offer – like any unaccepted contract offer – is a legal nullity, with no operative effect.  As every first-year law student learns, the recipients rejection of an offer 'leaves the matter as if no offer had ever been made.'"  *Genesis Healthcare Corp. v. Symcyzk*, 2013 U.S. LEXIS 3157 (U.S. Apr. 16, 2013), at *26 (Kagan, J., dissenting) quoting *Minneapolis & St. Louis R. Co.* v. *Columbus Rolling Mill*, 119 U. S. 149, 151 (1886).

## IV.   **LEGAL STANDARD**

Defendant seeks to dismiss Mr. Pacleb's Complaint pursuant to (A) Fed. R. Civ. P. 12(b)(1); and, (B) Fed. R. Civ. P. 12(b)(6).  [Defendant's Motion, pages 6-7, ¶ 16-9].

### A. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)

Fed. R. Civ. Pro. 12(b)(1) provides for dismissal of an action if the court lacks jurisdiction over the subject matter of the action.  *Narragansett Indian Tribe v. Chao*, 248 F. Supp. 2d 48, 50 (2003).   Because federal courts are courts of limited subject matter jurisdiction, "the preferred – and often obligatory – practice is that a court, when confronted with a colorable challenge to its subject-matter jurisdiction, should resolve that question before weighing the merits of a pending action." *Id.* quoting *Morales Feliciano v. Rullan*, 303 F.3d 1, 6 (1st Cir. 2002).  See *Donahue v. City of Boston*, 304 F.3d 110, 117 (1st Cir. 2002) (citing *Steel Co. v. Citizens for a Better Env't*, 423 U.S. 83, 101-02 (1998).

Challenges to an action, such as mootness and lack of federal question jurisdiction are properly asserted in a Fed. R. Civ. Pro. 12(b)(1) motion to dismiss.  See *D.H.L. Assocs., Inc. v. O'Gorman*, 199 F.3d 50, 54 (1st Cir. 1999) (mootness); *BIW Deceived v. Local S6*, 132 F.3d 824, 830-31 (1st Cir. 1997) (federal question jurisdiction).   When considering a 12(b)(1) motion, the Court may consider material outside the pleadings.  *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) ("The Court can look beyond the pleadings – to affidavits and depositions – in order to determine jurisdiction").  *Narragansett Indian Tribe*, 248 F. Supp at 50.

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A Fed. R. Civ. Pro. 12(b)(6) motion to dismiss is properly granted where the complaint fails to assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to survive a 12(b)(6) motion, a complaint need not state detailed factual allegations. *Id*. at 555. In deciding a 12(b)(6) motion, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Ninth Circuit has held that a complaint should not be dismissed under a Rule 12(b)(6) motion "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).[4]

Moreover, in the Ninth Circuit, the Rule 12(b)(6) motion "'is viewed with disfavor and is rarely granted.'" *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)). Finally, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Because Mr. Pacleb's FAC properly and adequately states a claim for relief for violations of the TCPA, Defendant's Motion to Dismiss pursuant to 12(b)(6) should be denied.

///

///

///

///

---

[4] *See e.g.*, *Yang v. DTS Financial Group*, 570 F. Supp. 2d 1257 (S.D. Cal. 2008) (denying motion to dismiss and motion for summary judgment prior to discovery).

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## V.  ARGUMENT

Defendant's Motion to Dismiss should be denied because (A) Evidence of Defendant's Fed. R. Civ. P. 68 is inadmissible for purposes of the present motion; (B) Mr. Pacleb's claims are not mooted by an unaccepted Fed. R. Civ. P. 68 Offer of Judgment; (C) Mr. Mr. Pacleb maintains a concrete interest in the outcome of this litigation; and, (D) Mr. Pacleb has standing to assert a violation of the TCPA.

### A. Evidence of Defendant's Fed. R. Civ. P. 68 Is Inadmissible for Purposes of the Present Motion.

Pursuant to Fed. R. Civ. P. 68(b), an unaccepted offer is considered withdrawn... Additionally, "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." *Id.* Pursuant to the United States Supreme Court in *Genesis Healthcare Corp. v. Symcyzk*, 2013 U.S. LEXIS 3157 (U.S. Apr. 16, 2013), the injunction of Fed. R. Civ. P. 68(b) accords with the Rule's "exclusive purpose: to promote voluntary cessation of litigation by imposing costs on plaintiffs who spurn certain settlement offers." *Id.* at *33-34. See also *Marek v. Chesny*, 473 U.S. 1, 5 (U.S. 1985); and, *In re Cool, Cool, Water LLC*, 2007 Bankr. LEXIS 1202, at *45 (Bankr. D.N.J. Apr. 3, 2007) ("[t]he letter is inadmissible under Federal Rule of Civil Procedure 68 as this is not a proceeding to determine costs...").

Here, Defendant impermissibly introduces the April 10, 2013 Offer of Judgment into the record through the Declaration of Daniel M. Benjamin as Exhibit A, Court Document No. 14-2. Since the current Motion was not filed by Defendant to determine costs, Defendant's Offer of Judgment is not admissible. Thus, Mr. Pacleb objects to this evidence and requests this Court to disregard Defendant's Offer of Judgment.

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## B. MR. PACLEB'S CLAIMS ARE NOT MOOTED BY AN UNACCEPTED FED. R. CIV. P. 68 OFFER OF JUDGMENT.

Pursuant to Fed. R. Civ. P. 68,

> [a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specific terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.   Then clerk must then enter judgment.[5]

Defendant contends that Mr. Pacleb's claims are moot because [Defendant] made an offer of judgment under Fed. R. Civ. P. 68 in an amount that is more than sufficient to satisfy all of Mr. Pacleb's alleged individual damages and non-monetary requests for relief.   [Defendant's Motion, page 6, lines 24-26]. Thereafter, Defendant misconstrues the holding of *Genesis* to stand for the proposition that "since [Defendant's] unaccepted offer of judgment is in an amount sufficient to satisfy all of [Mr. Pacleb's] claims and was made prior to the filing of a motion for class certification, [Mr. Pacleb's] claims are moot..." [Defendant's Motion, page 5, lines 17-19].    This argument is flawed for two reasons: (1) *Genesis* explicitly refused to address whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot; and, (2) the Ninth Circuit held that where a defendant makes an unaccepted Fed. R. Civ. P. 68 Offer of Judgment that fully satisfies a named plaintiff's individual claims before the named plaintiff files a motion for class certification, the offer does not moot the case.

///

///

///

---

[5] "The Rule provides no appropriate mechanism for a court to terminate a lawsuit with the Plaintiff's consent." *Genesis*, 2013 U.S. LEXIS 3157, at * 33 (Kagan, J., dissenting).

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

### 1. Genesis *explicitly refused to address whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot.*

Defendant's entire Motion is premised upon an inaccurate interpretation of *Genesis* which examined the "fundamentally different" situation of a collective action filed pursuant to the Fair Labor Standards Act ("FLSA").[6] In *Genesis*, plaintiff Laura Symczyk ("Symczyk") brought a collective action pursuant to the FLSA against defendant Genesis Healthcare Corporation ("Genesis"). See *Genesis Healthcare Corp.*, 2013 U.S. LEXIS 3157, at *6. When Genesis answered the complaint, Genesis simultaneously served Symczyk with an Offer of Judgment pursuant to Fed. R. Civ. P. 68. *Id.* at *7. Genesis' Offer of Judgment fully remedied all of Symczyk's individual claims; however, the Offer of Judgment was valid for ten days only. *Id.* After Symczyk failed to respond in the allotted time, Genesis filed a Motion to Dismiss for lack of subject-matter jurisdiction. *Id.* Genesis, as Defendant argues here, claimed that Symczyk no longer possessed a personal stake in the outcome of the suit, rendering the action moot. *Id.* at *8.

For purposes of the Court's ruling, *Genesis* assumed, without deciding, that the Offer of Judgment mooted Symczyk's individual claim. *Id.* at *12. However, *Genesis* explicitly refused to analyze whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot because the issue was not properly before the Court.[7] As explained by *Genesis*, Symczyk waived any argument regarding the mootness of Symczyk's claim by conceding on two separate occasions that Symczyk retained no personal interest in the outcome of the litigation. *Id.* To permit Symczyk to argue to the contrary would have impermissibly altered the Court of Appeals' judgment in the absence of a cross-

---

[6] "Rule 23 actions [like Mr. Macleb's] are fundamentally different from collective actions under the FLSA. *Genesis Healthcare Corp.*, 2013 U.S. LEXIS 3157, at *14. See also *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 177-178 (1989)

[7] Defendant's misinterpretation of *Genesis* is, at best, excusable neglect, or in the alternative, a deliberate attempt to mislead this Court.

petition from respondent. *Id*. Thus, the *Genesis* majority, *sua sponte*, established the crucial premise that Symcyzk's individual claim had become moot. See Justice Kagan's Dissent (with whom Justices Ginsburg, Breyer and Sotomayor joined), *Id.* at *23 (Kagan, J., dissenting).

Here, Mr. Pacleb has made no such concessions, nor waivers of any kind. As discussed above, Mr. Pacleb has not accepted Defendant's Offer of Judgment and does not anticipate accepting said Offer in the future. Since Defendant's Offer of Judgment is unequivocally unaccepted, Defendant's reliance upon *Genesis* is utterly misplaced. By its own terms, *Genesis* is inapplicable to the present situation since *Genesis* did not reach the question of whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot. See *Genesis Healthcare Corp.*, 2013 U.S. LEXIS 3157, at *12. Thus, Mr. Pacleb requests that this Court disregard *Genesis* in reaching a decision on Defendant's Motion to Dismiss. As a result, this Court, for guidance, must follow Ninth Circuit precedent as set forth in *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011).

> **2. *The Ninth Circuit held that where a defendant makes an unaccepted Fed. R. Civ. P. 68 Offer of Judgment that fully satisfies a named plaintiff's individual claim before the named plaintiff files a motion for class certification, the offer does not moot the case.***

While *Genesis* bears no relevance to the situation at bar, the Ninth Circuit case of *Pitts* is directly pertinent. In *Pitts*, plaintiff Gareth Pitts ("Pitts") filed a collective action against his employer, defendant Terrible Herbst, Inc. ("Herbst"), for violation of the FLSA. *Pitts*, 653 F.3d at 1084. Thereafter, Herbst made Pitts an offer of judgment pursuant to Fed. R. Civ. P. 68 in an amount that was more than sufficient to satisfy all of Pitts' individual damages and non-monetary requests for relief. *Id*. at 85. After Pitts declined Herbst's Offer of Judgment, Herbst filed a Motion to Dismiss the Action for Lack of Subject Matter

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Jurisdiction. *Id.* "Specifically, [Herbst] argued that its offer of judgment rendered the entire case moot." *Id.* As such, the precise issue pending before the Ninth Circuit was

> whether a rejected offer of judgment for the full amount of a putative class representative's individual claim moots a class action complaint where the offer precedes the filing of a motion for class certification.

In holding that a rejected Offer of Judgment does not moot a putative class representative's class action, the Ninth Circuit rationalized that a "case becomes moot 'when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome of the litigation.'" *Pitts*, 653 F.3d 1081 at 1086 quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

> In other words, if events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot, *see Stratman v. Leisnoi, Inc.*, 545 F.3d 1161, 1167 (9th Cir. 2008)*; DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1174 (9th Cir. 2005), because "[w]e do not have the constitutional authority to decide moot cases," *Foster v. Carson*, 347 F.3d 742, 747 (9th Cir. 2003).

*Pitts*, 653 F.3d 1081 at 1087.

After considering situations where the district court has either certified a class or, in the alternative, denied class certification, the Ninth Circuit assessed the analogous situation wherein the district court has not yet to address the class certification issue. *Pitts* explained that "some claims are so inherently transitory that the trial court will not have enough time to rule on a motion for class certification before the proposed representatives individual interest expires." *Id.* at 90 quoting *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (U.S. 1991). Since inherently transitory claims are capable of repetition yet evade review, the Ninth Circuit stated that the "relation back doctrine is properly invoked to preserve the merits of the case for judicial resolution." *Pitts*, 653 F.3d 1081 at 1091 citing to

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

*Gerstein v. Pugh*, 420 U.S. 103, 111 (U.S. 1975); *McLaughlin*, 500 U.S. at 52; *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (U.S. 1980); and, *Sosna v. Iowa*, 419 U.S. 393, 401-402 (U.S. 1975). Thus, "[a]pplication of the relation back doctrine in this context avoids the spectre of plaintiffs filing lawsuit after lawsuit only to see their claims mooted before they can be resolved." *Pitts*, 653 F.3d 1081 at 1090.

Based upon the discussion above, the Ninth Circuit held that the unaccepted "offer of judgment did not moot Pitts' case because his case was transitory in nature and may otherwise evade review." *Id.* at 1091.

Furthermore, *Pitts* stated that "[i]nvoking the relation back doctrine in this context furthers the purposes of Rule 23." *Id.*

> Where the class claims are so economically insignificant that no single plaintiff can afford to maintain the lawsuit on his own, Rule 23 affords the plaintiffs a 'realistic day in court' by allowing them to pool their claim.

*Id.* at 1091 citing to *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985); and, *Roper*, 445 U.S. at 339.

> Quite logically, the Ninth Circuit explained that '[a] rule allowing a class action to become moot 'simply because the defendant has sought to 'buy off' the individual private claims of the named plaintiffs" before the named plaintiffs have a chance to file a motion for class certification would thus contravene Rule 23's core concern: the aggregation of similar, small, but otherwise doomed claims.'

*Pitts*, 653 F.3d 1081 at 1091 quoting *Roper*, 445 U.S. at 339.[8]

Moreover, allowing an unaccepted Offer of Judgment to moot a class representative's case "would effectively ensure that claims that are too

---

[8] *See also Weiss*, 385 F.3d at 344 ("[A]llowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims . . . .").

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

economically insignificant to be brought on their own would never have their day in court. *Id.*[9] Thus, after thoroughly reviewing the matter, the Ninth Circuit unambiguously held that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification — does not moot a class action. *Pitts*, 653 F.3d 1081 at 1092.

Here, *Pitts* extensively considered the exact situation at bar while such a scenario was not at issue in *Genesis*. After disregarding the inapplicable decision of *Genesis*, it is readily apparent that the Ninth Circuit held that Mr. Pacleb's claims were not rendered moot by an unaccepted Offer of Judgment. Thus, Defendant's Motion to Dismiss should be denied as well.

## C. MR. PACLEB MAINTAINS A CONCRETE INTEREST IN THE OUTCOME OF THIS LITIGATION.

The United States Supreme Court held "[a] plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402 (U.S. 1980). The Ninth Circuit explained the rationale of *Geraghty* by stating that "the Federal Rules of Civil Procedure give the proposed class representative the right to have a class certified if the requirements of the Rules are met. *Pitts*, 653 F.3d at 1089 quoting *Geraghty*, 445 U.S. at 403.

///

///

---

[9] *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (5th Cir. 1981) ("[I]n those cases in which it is financially feasible to pay off successive named plaintiffs, the defendants would have the option to preclude a viable class action from ever reaching the certification stage."); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008) ("[T]reating pre-certification settlement offers as mooting the named plaintiffs' claims would have the disastrous effect of enabling defendants 'to essentially opt-out of Rule 23." (citation omitted)). And even if it does not discourage potential claimants, it "may waste judicial resources by 'stimulating successive suits brought by others claiming aggrievement.'" *Weiss*, 385 F.3d at 345 (quoting *Roper*, 445 U.S. at 339).

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

> This procedural right to represent a class 'is more analogous to the private attorney general concept than to the type of interest traditionally thought to satisfy the 'personal stake' requirement,' but it nevertheless suffices to satisfy Article III concerns because the class certification question 'remains as a concrete, sharply presented issue' even after the named plaintiff's individual claim has expired…

*Pitts*, 653 F.3d at 1089 quoting *Geraghty*, 445 U.S. at 403.[10]

Here, Defendant attempted to defeat Mr. Pacleb's class action by making an Offer of Judgment on a strictly individual basis.[11]   Said Offer entirely neglects to address that Mr. Pacleb brought this action on behalf of himself and others similarly situated due to Defendant's violations of the TCPA.  [FAC, page 2, ¶ 1, lines 5-9].   Even had Mr. Pacleb accepted Defendant's individual Offer, Mr. Pacleb would have maintained a concrete interest in the outcome of this litigation with regard to Mr. Pacleb's right to represent the putative class.  *Pitts*, 653 F.3d at 1089 quoting *Geraghty*, 445 U.S. at 403.   As discussed above, both the United States Supreme Court and the Ninth Circuit held that Mr. Pacleb's class claim alone is enough to satisfy Article III standing requirements.   Thus, Defendant's repeated assertion that Defendant's unaccepted Offer of Judgment is specious yet again.   Therefore, Defendant's Motion to Dismiss should be denied.

*///*

*///*

*///*

---

[10] See *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) ("[t]hat the class was not certified until after the named plaintiff's claims had become moot does not deprive [the Court] of jurisdiction") citing *Gerstein v. Pugh*, 420 U.S. 103 (U.S. 1975); and, *Sosna v. Iowa*, 419 U.S. 393 (U.S. 1975).   See also *Genesis Healthcare Corp.*, 2013 U.S. LEXIS 3157, at *26 (Kagan, J., dissent) citing *Chafin v. Chafin*, 133 S. Ct. 1017 (2012) ("We made clear earlier this Term that '[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot)"

[11] Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant…hereby offers to allow judgment to be taken against it by Plaintiffs…on [Plaintiffs'] individual claims…" [Defendant's Offer of Judgment, page 1, ¶ 1, lines 21-25].

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

### D. Mr. Pacleb has standing to assert a violation of the Telephone Consumer Protection Act.

Defendant attempts to argue that unintended recipients of telephone calls, like Mr. Pacleb, lack standing to pursue claims under the TCPA. [Defendant's Motion, page 10, lines 12-13].  In support of Defendant's position, Defendant inexplicably relies upon (1) an irrelevant section of the TCPA; and, (2) unrelated and unpublished authority.

### 1. *Defendant's reliance upon 47 U.S.C. § 227(b)(1)(B) is incomprehensible.*

Defendant begins this tortured section of Defendant's Motion by stating that

> [u]nder the TCPA, it is unlawful for any person within the United States 'to initiate any telephone call to any **residential telephone line** using an artificial or prerecorded voice to deliver a message within the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications Commission]…." 47 U.S.C. § 227(b)(1)(B)

Defendant's Motion, page 10, lines 6-10.

While legally correct, Defendant has failed to provide any sort of explanation as to why the TCPA's prohibition of telephone calls to landlines has been cited.[12] At all times relevant, both Mr. Chen and Mr. Pacleb have only asserted violations of the TCPA due to Defendant's illegal contact with Plaintiffs on Plaintiffs' respective cellular telephones.  See FAC, page 2, ¶ 7, lines 26-28.  See also FAC, page 3, ¶ 14, lines 23-25.  At no point has either Plaintiff complained of the receipt of unsolicited telephone calls to their residential telephone line.  In addition, Defendant has failed to cite case law that discusses this section of the TCPA. Since Plaintiffs' counsel is unable to determine Defendant's purpose for citing to

---

[12] It should be noted that Plaintiffs' allegations against Defendant for violation of the TCPA are premised upon 47 U.S.C. § 227(b)(1)(A)(iii) and not in fact 47 U.S.C. § 227(b)(1)(B).

47 U.S.C. § 227(b)(1)(B), Mr. Pacleb is unable to respond to this section of Defendant's Motion.

### 2. *Defendant's reliance upon unrelated and unpublished authority is equally perplexing.*

To support Defendant's assertion that 47 U.S.C. § 227(b)(1)(B) denies standing to unintended recipients of unsolicited telephone calls, Defendant relies primarily upon the unpublished decisions of *Cellco Partnership v. Dealers Warranty, LLC*, 2010 U.S. Dist. LEXIS 106719 (D.N.J. Oct. 5, 2010); *Accord j2 Global Communs., Inc. v. Protus IP Solutions*, 2010 U.S. Dist. LEXIS 145369; and, *Leyse v. Bank of America*, 2010 U.S. Dist. LEXIS 58461. As a preliminary matter, Defendant's reliance upon *Cellco* is mystifying since *Cellco* begins with:

**NOTICE:** NOT FOR PUBLICATION

In citing to *Cellco*, Defendant has arguably violated Local Rule 3-4(e), "Prohibition of Citation to Uncertified Opinion or Order," which states in pertinent part that "[a]ny…opinion that is designated: "NOT FOR CITATION"…may not be cited to this court…in written submissions."  Thus, Mr. Pacleb requests this Court to disregard *Cellco* in rendering a decision on Defendant's Motion.

Furthermore, in relying upon these unpublished decisions, Defendant failed to acknowledge relevant published decisions that overtly rejected Defendant's authority.  For example, *D.G. v. William W. Siegel & Assocs.*, 791 F. Supp. 2d 622 (2011) considered the exact situation where defendant William W. Siegel & Associates, Attorneys at Law, LLC ("Siegel") argued that plaintiff D.G. ("D.G.") lacked standing to allege a violation of the TCPA based upon cellular telephone calls to D.G. that were intended for another consumer, Kimberly Nelson ("Nelson").  *Id.* at 624.  Notably, D.G. did not know Nelson, had no relationship with Siegel, and never consented to the calls.  *Id.*  In Siegel's Motion to Dismiss,

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Siegel, like Defendant, relied upon the unpublished decisions of *Cellco* and *Leyse* to argue that "the unintended recipient of the calls is not the 'called party' under the TCPA." *Id*. at 625.   Upon review, *D.G.* held that neither case supported Siegel's argument and found that "[D.G.] was the called party because Siegel intended to call [D.G.'s] cellular telephone number and [D.G.] is the regular user and carrier of the phone. *Id*.

In reaching this decision *D.G.* explained that the "*Leyse* court held that Leyse's roommate, who sued the defendant, was not the called party and lacked standing. *Id.* citing *Leyse*, 2010 U.S. Dist. LEXIS 58461, [WL] at \*4. *Leyse* explained that plaintiff Leyse was an unintended and incidental recipient of the call at issue since the defendant called the number associated with the individual that defendant intended to call. *Id*.   This decision was disregarded by *D.G.* because *Leyse* dealt with a different TCPA provision[13] and evaluated the plaintiff's Article III standing.   Furthermore, *Leyse* is distinguishable because in *D.G.*, Siegel did not call a number actually associated with Nelson, the individual it was attempting to contact, but instead called [D.G.'s] cellular number. Thus, unlike the roommate in *Leyse*, [D.G.] was not the unintended and incidental recipient of Siegel's calls. *D.G.*, 791 F. Supp. at 625.

Similarly, *D.G.* quickly disregarded *Cellco* as well.   In *Cellco*, the defendant placed unsolicited telemarketing calls to plaintiffs' subscribers. 2010 U.S. Dist. LEXIS 106719, 2010 WL 3946713, at \*1.   Thereafter, an issue of statutory standing arose because the plaintiffs were telecommunications vendors and not the subscribers who actually received the phone calls. 2010 U.S. Dist. LEXIS 106719, [WL] at \*7.

///

///

///

---

[13] Specifically, 47 U.S.C. § 227(b)(1)(B), the landline provision relied upon by Defendant.

Remarkably different from the plaintiffs in *Cellco*, who did not receive the calls, here, Plaintiff actually received the calls from Siegel. Because Siegel intended to call Plaintiff's cellular phone number, Plaintiff received the calls, and Plaintiff is the regular user and carrier of the phone, Plaintiff qualifies as a "called party" under the TCPA.

*D.G.*, 791 F. Supp. at 625.[14]

Here, Mr. Pacleb does not know Frank Arnold, had no relationship with Defendant, and never consented to the calls. Moreover, Mr. Pacleb was the called party because Defendant intended to call Mr. Pacleb's cellular telephone number and Mr. Pacleb is the regular user and carrier of the phone. As such, this Court should disregard both *Leyse* and *Cellco* in rendering its decision with regard to the Defendant's Motion.

## VI.   CONCLUSION

In conclusion, Mr. Pacleb respectfully requests the court deny Defendant's Motion to Dismiss. Should the Court grant Defendant's Motion to Dismiss, in whole or in part, Mr. Pacleb respectfully requests leave to cure Mr. Pacleb's First Amended Complaint of any deficiencies.

Dated: May 8, 2013                                  Respectfully submitted,

                                       KAZEROUNI LAW GROUP, APC

                                       By: ____/s/ Abbas Kazerounian_____
                                           ABBAS KAZEROUNIAN, ESQ.
                                           ATTORNEY FOR PLAINTIFFS

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

---

[14] See also *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012) ("We conclude that 'called party' in § 227(b)(1) means the person subscribing to the called number at the time the call is made.")

**[ADDITIONAL PLAINTIFFS' COUNSEL]**

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705