Mark J. Levin (*pro hac vice*)
levinmj@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.864.8235
Facsimile: 215.864.8999

Daniel M. Benjamin (SBN 209240)
benjamind@ballardspahr.com
**BALLARD SPAHR LLP**
655 West Broadway, Suite 1600
San Diego, CA 92101-8494
Telephone: 619.696.9200
Facsimile: 619.696.9269

Attorneys for Defendant,
Allstate Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RICHARD CHEN, AND FLORENCIO PACLEB, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No. 4:13-cv-00685-PJH<br><br>**NOTICE OF MOTION AND MOTION: (1) TO AMEND THE COURT'S JUNE 10, 2013 ORDER TO CERTIFY IT FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b); (2) TO STAY THIS ACTION PENDING INTERLOCUTORY APPEAL**<br><br><u>**NO ARGUMENT REQUESTED; TO BE DECIDED ON THE PAPERS**</u><br><br>Location:  Courtroom 3, 3rd Floor<br>  1301 Clay Street<br>  Oakland, CA 94612<br><br>Hon. Judge Phyllis J. Hamilton<br><br>Date Action Filed:  Feb. 14, 2013<br>Trial Date:  Not yet set |

DEFENDANT ALLSTATE'S MOT. TO CERTIFY INTERLOCUTORY APPEAL
Case No. 4:13-cv-00685-PJH

DMEAST #17091521 v1

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................1

II. THE QUESTION FOR CERTIFICATION ...................................................................4

III. DISCUSSION ................................................................................................................4

       A.      Certification Should Be Granted under 28 U.S.C. § 1292(b) ..................................4

               1.      The Question to be Certified Is a Controlling Question of Law .................5

               2.      There Are Substantial Grounds for a Difference of Opinion ......................5

               3.      An Immediate Appeal May Materially Advance the Litigation .................8

       B.      A Stay Should Be Entered pending the Appeal .......................................................8

IV. CONCLUSION.............................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aggio v. Estate of Joseph Aggio*,
   2006 U.S. Dist. LEXIS 3183 (N.D. Cal. Jan. 18, 2006) (Hamilton, J.) ................................... 6

*Asis Internet Services v. Active Response Group*,
   2008 WL 4279695 (N.D. Cal. Sep. 16, 2008) ................................................................... 8, 10

*Canada v. Meracord, LLC*,
   2013 WL 2450631 (W.D. Wash. June 6, 2013) ....................................................................... 6

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) ................................................................................................... 5

*Deposit Guaranty Nat. Bank v. Roper*,
   445 U.S. 326 (1980) ................................................................................................................ 7

*Dynamic Random Access Memory Antitrust Litigation*,
   2008 U.S. Dist. LEXIS 118398, at *31-32 (N.D. Cal. March 28, 2008) ................................. 5

*Englert v. MacDonnell*,
   551 F.3d 1099 (9th Cir. 2009) ................................................................................................. 8

*Genesis HealthCare Corp. v. Symczyk*,
   __ U.S. __, 133 S. Ct. 1523 (2013) ................................................................................ passim

*Goldberg v. CPC Int'l, Inc.*,
   678 F.2d 1365 (9th Cir. 1982) ................................................................................................. 5

*Hrivnak v. NCO Portfolio Management, Inc.*,
   __ F.3d ___, 2013 WL 2476733 (6th Cir. June 11, 2013) ....................................................... 6

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ................................................................................................. 8

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................ 8

*Marsall v. City of Portland*,
   2004 WL 1774532 (D. Or. Aug. 9, 2004) ............................................................................... 8

*Marschall v. Recovery Solution Specialists, Inc.*,
   399 Fed. Appx. 186 .................................................................................................................. 1

*Miller v. Gammie*,
   335 F.3d 889 (9th Cir. 2003) (en banc) ................................................................................... 7

*Owner-Operators Indep. Drivers Assoc. of Am., Inc. v. Skinner*,
    931 F.2d 582 (9th Cir. 1991) ........................................................................................... 5

*Pitts v. Terrible Herbst, Inc.*,
    653 F.3d 1081 (9th Cir. 2011) ................................................................................. passim

*Ritz Camera & Image, LLC v. Sandisk Corp.*,
    2011 WL 3957257 (N.D. Cal. Sept. 07, 2011) ................................................................ 8, 9

*Scott v. Federal Bond and Collection Service, Inc.*,
    No. 10-CV-028250LHK, 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. Jan. 19, 2011) .................. 1

*Scott v. Westlake Services, LLC*,
    __ F. Supp. 2d __, 2013 WL 2468253 (N.D. Ill. June 6, 2013) ............................................... 6

*Sosna v. Iowa*,
    419 U.S. 393 (1975) .......................................................................................................... 7

*United States Parole Comm'n v. Geraghty*,
    445 U.S. 388 (1980) .......................................................................................................... 7

*United States v. Woodbury*,
    263 F.2d 784 (9th Cir. 1959) ............................................................................................. 4

*Valenzuela v. Kraft, Inc.*,
    801 F.2d 1170 (9th Cir. 1986), *amended by* 815 F.2d 570 (9th Cir. 1987) .............................. 5

*VIA Technologies, Inc. v. SonicBlue Claims, LLC*,
    2011 WL 2437425 (N.D. Cal. June 17, 2011) (Hamilton, J.) ..................................... 4, 5, 6, 8

*Wright v. Schock*,
    742 F.2d 541 (9th Cir. 1984) ............................................................................................. 9

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ................................................................................................. passim

Fair Labor Standards Act ("FLSA") ............................................................................... 2, 7

**RULES**

Rule 23 .................................................................................................................. 2, 3, 6, 7

Rule 30(b)(6) ....................................................................................................................... 3

Rule 68 ..................................................................................................................... passim

DMEAST #17091521 v1

iii

DEFENDANT ALLSTATE'S MOT. TO CERTIFY INTERLOCUTORY APPEAL
Case No. 4:13-cv-00685-PJH

**NOTICE OF MOTION AND MOTION (1) TO AMEND THE COURT'S JUNE 10, 2013 ORDER TO CERTIFY IT FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND (2) TO STAY THIS ACTION PENDING INTERLOCUTORY APPEAL**

**TO PLAINTIFFS AND THEIR ATTORNEYS:**

Please take notice that, before the Honorable Phyllis J. Hamilton in Courtroom 3 at U.S. District Court, 1301 Clay Street, Oakland, California 94612, Defendant Allstate Insurance Company ("Allstate") will and hereby does move: (1) to amend the Court's June 10, 2013 Order ("June 10 Order") to certify it for interlocutory appeal under 28 U.S.C. § 1292(b); (2) to stay this action pending the interlocutory appeal. Pursuant to the Court's instructions at the June 13, 2013 telephonic case management conference, this motion is being submitted on the briefs and no hearing will be held.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, the Proposed Order, the accompanying Declaration of Daniel M. Benjamin ("Benjamin Dec."), all pleadings on file, and any further matters as the Court deems proper to consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The June 10 Order granted in part and denied in part Allstate's motion to dismiss. (*See* Dock. No. 25). A crucial question presented by that motion was whether Allstate's Rule 68 offer of judgment to the named plaintiff, Florencio Pacleb,[1] which indisputably afforded him complete relief on his individual claims[2] and was made before the filing of a class certification motion, mooted this putative class action and deprived the Court of federal subject matter jurisdiction.

---

[1] Plaintiff Richard Chen accepted Allstate's offer. (*See* Dock. No. 15).

[2] Allstate's Rule 68 offer was based on Pacleb's original request for treble damages, and is all-the-more generous now that his treble damage claim has been dismissed. Under Ninth Circuit precedent, if this were not a putative class action, his remaining claim would be dismissed as moot. *See, e.g.*, *Marschall v. Recovery Solution Specialists, Inc.*, 399 Fed. Appx. 186, 2010 U.S. App. LEXIS 20541, at *2 (9th Cir. Oct. 5, 2010) ("[t]he district court properly dismissed Marschall's individual claims against Recovery Solution Specialists, Inc. ('RSS') for lack of subject matter jurisdiction because RSS's offer of judgment was for more than Marschall was legally entitled to recover"); *Scott v. Federal Bond and Collection Service, Inc.*, No. 10-CV-028250LHK, 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. Jan. 19, 2011) (acknowledging the "basic principle that a case becomes moot once the plaintiff has been offered all that she is legally entitled to recover").

In its motion, Allstate asserted that the Rule 68 offer mooted this action under the principles announced in *Genesis HealthCare Corp. v. Symczyk*, __ U.S. __, 133 S. Ct. 1523 (2013). Pacleb's opposition asserted that *Genesis HealthCare* was not controlling because it involved a collective action under the Fair Labor Standards Act ("FLSA") and not a Rule 23 class action, and that a Rule 68 offer of judgment does not moot a Rule 23 putative class action under the Ninth Circuit's decision in *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011).

The Court's June 10 Order agreed with Pacleb that *Genesis HealthCare* did not abrogate or overrule the *Pitts* case *sub silentio* and thus concluded that this case was not moot. (*See* Dock. No. 25 at 5:19-14:5). Nevertheless, the Court recognized that the circuit courts are split on whether a Rule 68 offer that grants the named plaintiff complete relief and is made prior to the filing of a class certification motion moots a Rule 23 putative class action. (*See id.*) The Court also acknowledged that *Genesis HealthCare* may presage a change in the governing law. (*Id.* at 14:2-5) ("So while the Supreme Court might at some future date actually overrule Pitts and decisions from other Circuits holding that the rule articulated in Genesis also applies in class actions, as of now that has not happened and Pitts remains good law as far as the court can ascertain.").

Allstate now respectfully requests that the Court amend the June 10 Order to certify the following question for interlocutory appeal under 28 U.S.C. § 1292(b):

> In light of *Genesis HealthCare Corp. v. Symczyk*, __ U.S. __, 133 S. Ct. 1523 (2013), did Allstate's Rule 68 offer of judgment, which afforded the named plaintiff in this Rule 23 putative class action complete relief on his individual claims and was made before the filing of a class certification motion, moot the entire action and thus deprive the court of federal subject matter jurisdiction?

The requirements for certification under § 1292(b) are satisfied in this case. First, the June 10 Order involves a controlling question of law because, if the Ninth Circuit holds that this putative class action was rendered moot by Allstate's Rule 68 offer, this case will be dismissed for lack of subject matter jurisdiction.

Second, there are substantial grounds for difference of opinion. Before *Genesis Healthcare*, the circuit courts were divided on this issue. *See* Dock. No. 25 at 8:10-20) (noting

split between Seventh and Ninth Circuits, among others).  District court opinions issued after *Genesis HealthCare* have also reached different conclusions as to the decision's applicability to Rule 23 putative class actions, as discussed below.  The June 10 Order expressly acknowledged that whether a Rule 68 offer moots a Rule 23 putative class action "where a class has not yet been certified remains somewhat unsettled." (Dock. No. 25 at 6:3-8).

Certification will enable the Ninth Circuit to determine whether *Pitts* is good law in light of *Genesis Healthcare*.  That is an issue on which there is substantial ground for difference of opinion because "[i]t is true that the [*Genesis HealthCare*] Court did reject the reasoning that the Ninth Circuit in Pitts used … in the class action context, but it also emphasized that class actions are different than collective actions." (Dock. No. 25 at 13:28-14:2).

This is an important jurisdictional issue that will also affect other cases.  On June 12, 2013, an attorney who purportedly represents parties in class actions unrelated to the present action sent an unsolicited letter to the Court requesting publication of the June 10 Order in the Federal Supplement for use "by other federal courts, particularly those in the Ninth Circuit, as they consider the Supreme Court's recent decision in *Genesis Healthcare* …." (Benjamin Dec. Ex. E).

Third, an immediate appeal may materially advance the ultimate termination of this litigation because, if the Ninth Circuit determines that Pacleb's claim is moot, there will be no subject matter jurisdiction over this action and it will be dismissed.

Allstate also requests that the Court stay this action pending the § 1292(b) appeal.  A stay is warranted because this case is a putative nationwide class action that will impose extraordinary demands of time, money and resources on the parties and the Court if it goes forward on the merits.  Indeed, on June 14, 2013, the day after the case management conference in this action, Pacleb's counsel served Allstate with voluminous merits and class action discovery consisting of 51 document requests, 25 interrogatories, 23 requests for admissions, and a Rule 30(b)(6) deposition notice identifying 21 areas of inquiry and containing 3 additional document requests.[3]

---

[3] This discovery would appear to be inconsistent with the Court's deferral of pre-trial scheduling until after the instant motion to certify and stay has been decided.  *See* Dock. No. 26.

DMEAST #17091521 v1

DEFENDANT ALLSTATE'S MOT. TO CERTIFY INTERLOCUTORY APPEAL
3             Case No. 4:13-cv-00685-PJH

(Benjamin Dec. Exs. A-D). The threshold legal question of whether *Genesis HealthCare* abrogated *Pitts* should be resolved at this juncture by the Ninth Circuit so that the Court and the parties can be spared protracted and expensive class action litigation if the Ninth Circuit rules in favor of Allstate.

Allstate respectfully requests that the Court grant this motion, amend the June 10 Order to certify it for appeal under 28 U.S.C. § 1292(b), and stay this action pending the appeal.

## II. THE QUESTION FOR CERTIFICATION

By this motion, Allstate seeks to have the Ninth Circuit rule on the following question:

> In light of *Genesis HealthCare Corp. v. Symczyk*, __ U.S. __, 133 S. Ct. 1523 (2013), did Allstate's Rule 68 offer of judgment, which afforded the named plaintiff in this Rule 23 putative class action complete relief on his individual claims and was made before the filing of a class certification motion, moot the entire action and thus deprive the court of federal subject matter jurisdiction?

## III. DISCUSSION

### A. Certification Should Be Granted under 28 U.S.C. § 1292(b)

Certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is "a means of expediting litigation by permitting appellate consideration during the early stages of legal questions, which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). "Examples of such questions are those relating to jurisdiction …. which the district court has decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case." *Id.*

As this Court has recognized, "[a] district court may certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b) ... 'in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.'" *VIA Technologies, Inc. v. SonicBlue Claims, LLC*, 2011 WL 2437425, at *1 (N.D. Cal. June 17, 2011) (Hamilton, J.) (certifying order and quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). Certification is warranted if the Court determines that: (1) the issue to be appealed involves a controlling question of law; (2) there are substantial grounds for a difference of opinion; and (3) an immediate appeal of the issue may materially advance the ultimate termination of the

1 litigation.  *See* 28 U.S.C. § 1292(b); *VIA Technologies, Inc.*, 2011 WL 2437425, at *1 (citing *In re Cement Antitrust Litig.*, 673 F.2d at 1026); *Dynamic Random Access Memory Antitrust Litigation*, 2008 U.S. Dist. LEXIS 118398, at *31-32 (N.D. Cal. March 28, 2008) (Hamilton, J.) (certifying order).  Each of these requirements is satisfied in this case.

### 1. The Question to Be Certified Is a Controlling Question of Law

"An issue is 'controlling' if 'resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'" *VIA Technologies*, 2011 WL 2437425, at *1 (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026).  "Although resolution of the issue need not necessarily terminate an action in order to be 'controlling,' ... it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."  *Id*. (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)) (internal quotation marks omitted).

Here, the question of law is whether the Court has subject matter jurisdiction.  The Ninth Circuit has repeatedly recognized that cases involving questions of subject matter jurisdiction are appropriate for interlocutory appeal.  *See, e.g.*, *Owner-Operators Indep. Drivers Assoc. of Am., Inc. v. Skinner,* 931 F.2d 582, 584 (9th Cir. 1991) (exercising § 1292(b) appellate jurisdiction over order denying motion for judgment on the pleadings that contended that the court of appeals had exclusive subject matter jurisdiction); *Valenzuela v. Kraft, Inc*., 801 F.2d 1170, 1171-72 (9th Cir. 1986), *amended by* 815 F.2d 570 (9th Cir. 1987) (exercising § 1292(b) appellate jurisdiction over order denying motion for judgment on the pleadings contending that district court lacked jurisdiction due to untimely complaint); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1366 (9th Cir. 1982) (exercising § 1292(b) appellate jurisdiction over order denying motion to remand for lack of subject matter jurisdiction).  The first requirement for section 1292(b) certification is easily satisfied.

### 2. There Are Substantial Grounds for Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear."  *Couch v. Telescope Inc.*, 611

F.3d 629, 633 (9th Cir. 2010). "A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing." *VIA Technologies, Inc.*, 2011 WL 2437425, at *1 (citing *Mateo v. M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992), *abrogated on other grounds by Brockmeyer v. May*, 361 F.3d 1222, 1226–27 (9th Cir. 2004)). "Substantial grounds for a difference of opinion required to certify an order for interlocutory review arise when an issue involves one or more difficult and pivotal questions of law not settled by controlling authority." *Id*. (citing 28 U.S.C. § 1292(b)).

Here, as the Court recognized in its June 10 Order, before *Genesis HealthCare* there was a split in the circuit courts on whether a Rule 68 offer that completely satisfied the named plaintiff's individual claims could moot a Rule 23 putative class action. (*See* Dock. No. 25 at 6-8). That split has continued even after *Genesis HealthCare*, with conflicting opinions issuing from several district courts (including this one) in the last few weeks alone. *E.g. Scott v. Westlake Services, LLC*, __ F. Supp. 2d __, 2013 WL 2468253 (N.D. Ill. June 6, 2013) (holding after *Genesis HealthCare* that a putative TCPA class action was mooted by a Rule 68 offer of judgment); *Canada v. Meracord*, *LLC*, 2013 WL 2450631 (W.D. Wash. June 6, 2013) (holding that *Genesis Healthcare* did not apply to a Rule 23 class action).[4] *See Aggio v. Estate of Joseph Aggio*, 2006 U.S. Dist. LEXIS 3183, at *4 (N.D. Cal. Jan. 18, 2006) (Hamilton, J.) (certifying order where district court decisions on controlling question were divided).

If the Court's Order is certified and the Ninth Circuit permits the appeal, the Ninth Circuit will have considerable latitude in determining the effect of *Genesis HealthCare* on *Pitts*. The Ninth Circuit has held that its panels can re-examine existing precedent if the Supreme

---

[4] Notably, the *Canada v. Meracord* court denied without prejudice a request to certify the issue under § 1292(b) because the defendants had not complied with the procedural requirements in making the certification request. The court specifically stated that "[t]his ruling does not preclude a separate motion on this issue." *Id*. at *2. *See also Hrivnak v. NCO Portfolio Management, Inc*., __ F.3d ___, 2013 WL 2476733, at *2-5 (6th Cir. June 11, 2013) (district court certified question of whether a Rule 68 offer moots a Rule 23 putative class action, and Sixth Circuit allowed the appeal (and stayed the appeal pending *Genesis HealthCare*), but Sixth Circuit did not reach the jurisdictional issue because the defendant's offer of judgment did not completely satisfy the named plaintiff's individual damage claims).

1 Court has "undercut the theory or reasoning underlying the prior circuit precedent in such a way
2 that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003)
3 (en banc).

4 Certainly, there are substantial grounds for the Ninth Circuit to undertake a re-
5 examination of *Pitts* pursuant to this standard. *Pitts* relied heavily on three earlier Supreme
6 Court cases in concluding that a Rule 68 offer that completely satisfies a named plaintiff's
7 individual claims does not moot a Rule 23 putative class action. The three cases were *United*
8 *States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980); *Deposit Guaranty Nat. Bank v. Roper*,
9 445 U.S. 326 (1980); and *Sosna v. Iowa*, 419 U.S. 393 (1975). *See Pitts*, 653 at 1090. However,
10 as this Court observed in the June 10 Order, the Supreme Court in *Genesis HealthCare* expressly
11 distinguished *Geraghty*, *Roper* and *Sosna* in holding that "the mere presence of collective-action
12 allegations in the complaint cannot save the suit from mootness once the individual claim is
13 satisfied." 133 S. Ct. at 1529. (*See* Dock. No. 25 at 9).

14 A substantial argument can be made that, although the Court in *Genesis HealthCare* did
15 state that an FLSA collective action is different than a Rule 23 class action, those differences
16 primarily affect the certification process itself and thus are irrelevant where (as in *Genesis*
17 *HealthCare*, *Pitts* and the instant action) the named plaintiff's individual claims are mooted by a
18 Rule 68 offer *before* a class certification motion is filed. *Genesis HealthCare* also characterized
19 the language in *Roper* on which *Pitts* relied as "dicta" and questioned *Roper*'s continuing
20 validity. 133 S. Ct. at 1532. Substantial arguments can also be made that the history of Rule 23
21 and Rule 68 support the application of *Genesis HealthCare* to Rule 23 putative class actions in
22 the pre-certification context, and that mooting the named plaintiff's individual claim before a
23 certification motion has been filed will not have any adverse impact on putative class members,
24 as the Ninth Circuit has held in analogous contexts.

25 In light of the foregoing, substantial grounds for difference of opinion exist to support
26 certification under section 1292(b).

27
28

### 3. An Immediate Appeal May Materially Advance the Litigation

An order is not reviewable under § 1292(b) unless its immediate review may materially advance the litigation. *See* 28 U.S.C. § 1292(b); *see also Englert v. MacDonnell*, 551 F.3d 1099, 1103 (9th Cir. 2009). This criterion is satisfied when "allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026; *VIA Technologies, Inc.*, 2011 WL 2437425, at *1-2 (granting certification where reversal of the district court's order would terminate the case and thus was potentially dispositive).

In the present case, immediate review of the Court's June 10 Order could resolve this case entirely. Should the Ninth Circuit reverse the Court's decision and hold that this case is moot, such a ruling would result in the dismissal of this action and termination of the litigation.

### B. A Stay Should Be Entered Pending the Appeal

Allstate further respectfully requests that the Court stay this action pending the interlocutory appeal. The propriety of a stay is separately analyzed because an application for a permissive appeal under section 1292(b) does "not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket …." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "When considering a stay pending appeal pursuant to § 1292(b), the Court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Asis Internet Services v. Active Response Group*, 2008 WL 4279695, at *3–4 (N.D. Cal. Sep. 16, 2008) (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)) (quotations and citations omitted).

A stay is frequently granted when a potentially dispositive issue is certified under section 1292(b), which thereby avoids the risk of unnecessary time and expense being expended in a case. *E.g. VIA Technologies, Inc.*, 2011 WL 2437425, at *2 (granting a stay along with certification); *Marsall v. City of Portland*, 2004 WL 1774532, at *8 (D. Or. Aug. 9, 2004) (same). Where, absent a stay pending a section 1292(b) appeal, the parties will face expensive discovery, a stay is justified. *E.g. Ritz Camera & Image, LLC v. Sandisk Corp.*, 2011 WL

3957257, at *3 (N.D. Cal. Sept. 07, 2011) ("In light of the well-documented cost of discovery in cases arising from or related to intellectual property disputes, the Court finds that a stay is warranted here.").

In this case, discovery with regard to the class allegations will be extremely expensive and time-consuming given Allstate's nationwide operations and the fact that Pacleb is seeking to represent a nationwide class action of persons who received telephone calls from Allstate. (*See* Dock. No. 4 at ¶ 21). As discussed above, Pacleb's lawyers have served 99 written discovery requests on Allstate, together with a 30(b)(6) deposition notice that identifies 21 areas of inquiry and adds 3 additional document requests. It is no wonder that Pacleb's Case Management Statement estimated it would take plaintiff nine months simply to complete class discovery and file a motion for class certification in this action. (Dock. No. 24 at 6:3-7).

These potential costs weigh heavily in favor of a stay. *See Ritz Camera*, 2011 WL 3957257, at *3. In comparison, affording the Ninth Circuit the opportunity to determine the effect of *Genesis HealthCare* on *Pitts* before proceeding with expensive and protracted discovery in this case will cause no prejudice to Pacleb. This is a TCPA action in which Pacleb claims no actual damages, but instead seeks statutory damages of $500 for each of five phone calls allegedly made by Allstate when it was trying to reach an individual named Frank Arnold. Allstate has offered Pacleb four times more than he could possibly recover if he prevailed on his claims in court, and that offer remains open. (*See* Dock. Nos. 14-1 to 14-3). There is also no harm to putative class members during an appeal because the statute of limitations is tolled during the pendency of the class action and absent putative class members are always free to file their own separate lawsuits. *Cf. Wright v. Schock*, 742 F.2d 541, 545 (9th Cir. 1984) (district court may dispose of named plaintiff's claims on summary judgment, before class certification proceedings requiring extensive discovery are undertaken, because "[p]utative class members remain entirely free to file suit against [the defendants]").

Therefore, the equities weigh heavily in favor of a stay so that the Ninth Circuit can determine the significant, novel question of subject matter jurisdiction at issue here before the

parties expend substantial time, money and resources on class action discovery and other pre-trial proceedings.  A stay will clearly promote economy of time and effort for the Court, counsel and the parties by avoiding protracted and expensive class action litigation. *Asis Internet Service*, 2008 WL 4279695, at *3–4.

## IV.  CONCLUSION

For the foregoing reasons, Allstate respectfully requests that the Court amend the June 10 Order to certify it for appeal under 28 U.S.C. § 1292(b) and concurrently stay this action pending appeal.

Respectfully submitted,

DATED:  July 2, 2013          BALLARD SPAHR LLP

/s/ Daniel M. Benjamin
Daniel M. Benjamin
Attorneys for Defendant,
Allstate Insurance Company

DMEAST #17091521 v1

DEFENDANT ALLSTATE'S MOT. TO CERTIFY INTERLOCUTORY APPEAL
10                     Case No. 4:13-cv-00685-PJH