**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 North Main Street, Suite 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[ADDITIONAL PLAINTIFFS' COUNSEL ON SIGNATURE LINE]

*Attorneys for Plaintiffs*,
Richard Chen; and, Florencio Pacleb

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHEN; AND, FLORENCIO PACLEB, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | **Case No.:** 13-cv-685 PJH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION (1) TO AMEND THE COURT'S JUNE 10, 2013 ORDER TO CERTIFY IT FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B); (2) TO STAY THIS ACTON PENDING INTERLOCUTORY APPEAL**<br><br>**HON. PHYLLIS J. HAMILTON** |

///
///
///
///
///
///

**PLAINTIFFS' OPPOSITION TO DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION (1) TO AMEND THE COURT'S JUNE 10, 2013 ORDER TO CERTIFY IT FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B); (2) TO STAY THIS ACTION PENDING INTERLOCUTORY APPEAL**

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...............................................................................1

II.  LEGAL STANDARD ........................................................................1

III. ARGUMENT ....................................................................................2

A. THE NINTH CIRCUIT HAS ALREADY DETERMINED THAT A FED. R. CIV. P. 68 OFFER OF JUDGMENT THAT FULLY SATISFIES A NAMED PLAINTIFF'S INDIVIDUAL CLAIM BEFORE THE NAMED PLAINTIFF FILES A MOTION FOR CLASS CERTIFICATION DOES NOT MOOT THE CASE ....3

B. THERE ARE NO GROUNDS FOR A DIFFERENCE OF OPINION .................4

1. *Defendant's reliance upon Seventh Circuit authority that contradicts the Ninth Circuit should be disregarded* ...........5

2. *District Courts in the Ninth Circuit uniformly reject Genesis* ...................................................................................6

a. Craftwood II, Inc. v. Tomy International, Inc. ...........6

b. Canada v. Meracord, LLC ...........................................8

IV.  CONCLUSION ................................................................................10

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

# TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*Assn'n of Irritated Residents v. Fred Schakel Dairy*,
    634 F. Supp. 2d 1081 (2008) ......................................................2

*Canada v. Meracord, LLC*,
    2013 WL 2450361 ..........................................................6, 8, 9

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978) ..............................................................2

*Couch v. Telescope Inc.*,
    611 F.3d 629 (9th Cir. 2010) .................................................2, 4

*Craftwood II, Inc. v. Tomy International, Inc.*,
    SACV12-1710 DOC (ANx) .....................................................6, 7

*Damasco v. Clearwire*,
    662 F.3d 891 (7th Cir. 2011) ..............................................5, 7, 8

*Dynamic Random Access Memory Antitrust Litigation*,
    2008 U.S. Dist. LEXIS 118398 .................................................1

*Genesis HealthCare Corp. v. Symczyk*,
    133 S. Ct. 1523 (2013) ....................................................passim

*Hart v. Massanari*,
    266 F.3d 1155 (9th Cir. 2001) ................................................5

*IBT Int'l v. Banyon Limited Partnership*,
    2012 Bankr. LEXIS 3684 .....................................................5

*In re Cement Antitrust Litig.*,
    673 F.2d 1020 (9th Cir. 2009) .............................................1, 2

*James v. Price Stern Sloan, Inc.*,
    283 F.3d 1064 (9th Cir. 2002) ................................................2

*Lucero v. Bureau of Collection Recovery, Inc.*,
    639 F.3d 1239 (10th Cir. 2011) ..............................................7

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

TABLE OF AUTHORITIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

*Mateo v. M/S Kiso*,
    805 F. Supp. 792 (1992) ...................................................................................4

*Pitts v. Terrible Herbst, Inc.*,
    653 F.3d 1081 (9th Cir. 2011) ...............................................................passim

*Sandoz v. Cingular Wireless LLC*,
    553 F.3d 912 (5th Cir. 2008) ............................................................................7

*Scott v. Westlake Services*,
    2013 WL 2468253 ............................................................................................5

*U.S. Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1966) ...........................................................................4

*VIA Technologies, Inc. v. SonicBlue Claims, LLC*,
    901 F.2d 696 (9th Cir. 1990) .....................................................................1, 4

*Weiss v. Regal Collections*,
    385 F.3d 337 (3rd Cir. 2004) .........................................................................7


**STATUTES**

28 U.S.C. § 1292(b).............................................................................................passim

47 U.S.C. § 227 .......................................................................................................5

Federal Rule of Civil Procedure 68 ..................................................................passim

TABLE OF AUTHORITIES

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## I. **INTRODUCTION**

On June 10, 2013, this Court issued an Order Granting in Part and Denying in Part Defendant ALLSTATE INSURANCE COMPANY's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction. [See Dkt. No. 25]. Defendant now requests that this Court to amend the Court's own Order and to certify Defendant to lodge an interlocutory appeal. [See Dkt. No. 28]. Similar to Defendant's previous Motion, Defendant's current Motion identifies no basis to justify an interlocutory appeal because there are not substantial grounds for a difference of opinion. Defendant's Motion is based upon mere disagreement with this Court's Order, which is an insufficient basis for interlocutory appeal.

## II. **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1692(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order...That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Certification for an interlocutory appeal is only warranted if the Court determines that (i) there are substantial grounds for a difference of opinion; (ii) the issue to be appealed involves a controlling question of law; and, (iii) an immediate appeal of the issue may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *VIA Technologies, Inc.*, 2011 WL 2437425, at

*1 (citing *In re Cement Antitrust Litig.* 673 F.2d at 1026); *Dynamic Random Access Memory Antitrust Litigation*, 2008 U.S. Dist. LEXIS 118398, at *31-32 (N.D. Cal. March 28, 2008) (Hamilton, J.).

Section 1292(b) is 'to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.'" *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).   As "[t]he requirements of § 1292(b) are jurisdictional," the statutory prerequisites for granting certification must be met before an appeal can be heard.   *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).   The party seeking review of the district court's order has the burden of showing that the statutory prerequisites exist.   *See Assn'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1087 (2008); and, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Moreover, as Section 1292(b) provides "a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly."   *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002).

## III.   **ARGUMENT**

Defendant requests this Court amend the June 10, 2013 Order to certify the following question for interlocutory appeal under 28 U.S.C. § 1282(b):

> In light of *Genesis HealthCare Corp. v. Symczyk*, __ U.S. __, 133 S. Ct. 1523 (2013), did Allstate's Rule 68 offer of judgment, which afforded the named plaintiff in this Rule 23 putative class action complete relief on his individual claims and was made before the filing of a class certification motion, moot the entire action and thus deprive the court of federal subject matter jurisdiction?

Defendant's Motion, page 2, lines 19-21
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Defendant's Motion should be denied because (A) this exact issue has already been decided by the Ninth Circuit; and, (B) there are no grounds for a difference of opinion.

### A. THE NINTH CIRCUIT HAS ALREADY DETERMINED THAT A FED. R. CIV. P. 68 OFFER OF JUDGMENT THAT FULLY SATISFIES A NAMED PLAINTIFF'S INDIVIDUAL CLAIM BEFORE THE NAMED PLAINTIFF FILES A MOTION FOR CLASS CERTIFICATION DOES NOT MOOT THE CASE.

As stated in this Court's June 10 Order,

> the Ninth Circuit "determined that the defendant's unaccepted offer of judgment did not moot the named plaintiff's case because his class action claim was 'transitory' in nature because it was subject to the potential 'buy-off,' and might otherwise evade review...

See Dkt. No. 25, page 8, lines 6-8 (citing *Pitts*, 653 F.3d at 1091-92).

Defendant argues for the second time that *Genesis* overruled *Pitts* while ignoring language in *Genesis* to the contrary.  As previously discussed, *Genesis* assumed, without deciding, that the Offer of Judgment mooted Symczyk's individual claim.  *Id*. at *12.  However, *Genesis* explicitly refused to address whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot because the issue was not properly before the Court.  Since *Genesis* unequivocally declined to address the holding of Pitts, it is impossible for *Genesis* to have overruled *Pitts*.  Therefore, "*Pitts* remains controlling."  *See* Dkt. No. 25, page 11, line 10.

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

PLAINTIFFS' OPPOSITION TO DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION (1) TO AMEND THE COURT'S JUNE 10, 2013 ORDER TO CERTIFY IT FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B); (2) TO STAY THIS ACTION PENDING INTERLOCUTORY APPEAL                    PAGE 3 OF 11

## B.  THERE ARE NO GROUNDS FOR A DIFFERENCE OF OPINION.

Defendant claims that there are substantial grounds for a difference of opinion because there is a split in the circuit courts on whether a Rule 68 offer that completely satisfied the named plaintiff's individual claims could moot a Rule 23 putative class action.  However, it appears that Defendant seeks an interlocutory appeal merely because Defendant disagrees with this Court's June 10 Order.  As explained by Defendant's Motion, a substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing."  Defendant's Motion, page 6, lines 1-3 quoting *VIA Technologies, Inc. v. SonicBlue Claims, LLC*, 2011 U.S. Dist. LEXIS 64885; and, *Mateo v. M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Section 1292(b) is "not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Rather, the Ninth Circuit established that to "determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear."" *Couch*, 611 F.3d at 633.  Generally, this will be found if the "circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

Here, the law at issue is not unclear because the Ninth Circuit has spoken on the point.  In *Pitts*, the Ninth Circuit unambiguously ruled that "an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d at 1091-1092. Neither Defendant's misinterpretation of *Genesis*, nor Defendant's reliance upon out-of-circuit opinions are sufficient grounds for an interlocutory appeal.  Thus,

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Defendant's Motion should be denied.

### 1. *Defendant's reliance upon Seventh Circuit authority that contradicts the Ninth Circuit should be disregarded.*

The sole authority relied upon by Defendant to establish a split of authority amongst the circuits is *Damasco v. Clearwire*, 662 F.3d 891 (7th Cir. 2011); and, *Scott v. Westlake Services,* LLC, 2013 WL 2468253 (N.D. Ill. June 6, 2013). Both *Damasco* and *Scott* should be disregarded because these decisions directly contradict binding authority from the Ninth Circuit that considered the very situation currently at issue. The Ninth Circuit has repeatedly stated the axiom that "circuit law 'binds all courts within a particular circuit.'" *IBT Int'l v. Banyon Limited Partnership* (In re IBT Int'l), 2012 Bankr. LEXIS 3684, 2012 WL 3264243 (9th Cir. 2012) quoting *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). "Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, caselaw on point is the law (emphasis in original)." *Hart*, 266 F.3d at 1170. Finally, "[b]inding authority must be followed unless and until overruled by a body competent to do so." *Id*.

Here, no competent body has overruled *Pitts*;[1] thus, *Pitts* is the law in the Ninth Circuit. Pursuant to *Pitts*, a rejected Rule 68 Offer of Judgment does not moot the class representative's individual claims. Therefore, Defendant's Motion should be denied.

///

///

///

---

[1] As discussed below, *Genesis* refused to address whether a Rule 68 Offer of Judgment that fully satisfies a class representative's individual claim made before the filing of a Motion for Class Certification moots the class claims because said issue was not before the Supreme Court.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

### 2. *District Courts in the Ninth Circuit uniformly reject Genesis.*

Defendant argues that this matter is ripe for an interlocutory appeal because various district courts have issued conflicting opinions.  Defendant's Motion, page 6, lines 10-13.  However, Defendant fails to acknowledge that each decision issued within the Ninth Circuit has followed *Pitts* while rejecting *Genesis* and that district opinions to the contrary are from the Seventh Circuit.[2]  Plaintiff's counsel is aware of two additional Courts that have issued Orders related to the situation at bar: (a) *Craftwood II, Inc. v. Tomy International, Inc.,* SACV12-1710 DOC (ANx) (N.D. Cal. July 8, 2013); and, (b) *Canada v. Meracord, LLC*, 2013 WL 2450631 (W.D. Wash. June 6, 2013).

### a. <u>Craftwood II, Inc. v. Tomy International, Inc.</u>

On July 8, 2013, the Honorable David O. Carter of the United States District Court, Central District of California, issued an Order Denying defendant Tomy International, Inc.'s ("Tomy") Motion for Summary Judgment[3] regarding plaintiff Craftwood II, Inc.'s ("Craftwood") Complaint.  A true and correct copy of Judge Carter's Order is attached to the Declaration of Abbas Kazerounian as Exhibit A.

After receipt of "junk" faxes, Craftwood filed a putative class action against Tomy alleging violations of the Telephone Consumer Protect Act ("TCPA"), 47 U.S.C. §§ 227(b)(1)(C)(iii); and, (b)(2)(E) on August 13, 2012.  See Judge Carter's Order, page 2, lines 8-12.  Thereafter, Tomy's counsel sent Craftwood an offer of

---

[2] It is of note that the Seventh Circuit is alone in the Seventh Circuit's position while the Third Circuit; Fifth Circuit; Ninth Circuit; and, Tenth Circuit all agree that a class representative's claim is not moot after a Rule 68 Offer of Judgment.

[3] Judge Carter questioned the decision to style Tomy's Motion as a Motion for Summary Judgment and converted said Motion to a Motion to Dismiss for Lack of Subject-Matter Jurisdiction.  See page 3, lines 10-20.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

$1,500 for each faxed advertisement sent to Plaintiff from Tomy, to pay costs, prejudgment interest, and to allow an injunction to be taken against Tomy.  *Id.* at lines 22-28.   Tomy filed a Motion for Summary Judgment claiming that Plaintiff's lawsuit was moot after Craftwood rejected Tomy's Offer.  *Id.*, page 3, lines 4-8.

In support of Tomy's position, Tomy relied upon the Seventh Circuit opinion of *Damasco v. Clearwire*, 662 F.3d 891 (7th Cir. 2011) and *Genesis*.  First, Judge Carter acknowledged that the Seventh Circuit did hold that a defendant's settlement offer on a TCPA claim did moot the case.  However, Judge Carter noted that four circuits, including the Ninth Circuit, disagree with the approach taken by *Damasco*.[4]  After review of *Pitts*, Judge Carter applied Ninth Circuit precedent and held that a rejected offer of judgment for the full amount of a putative class representative's individual claim did not moot a class action where the offer precedes the filing a motion for class certification.  *Id.*, page 4, lines 15-18.

Tomy also argued that *Genesis* either overruled or severely undermined *Pitts*. Judge Carter's Order, page 5, lines 15-17.   Judge Carter rejected Tomy's *Genesis* argument for two reasons:

> First, *Genesis* is distinguishable because it considered a claim filed as a [collective] action under Section 16(b) of the Fair Labor Standard Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. 133 S.Ct. at 1257.  A ruling in the context of a collective action does not directly apply to a class action, and the Supreme Court clearly distinguished class certification precedent when it came to transitory claims and thwarting class actions by allow defendants to buy off named plaintiffs.

///

///

---

[4] *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1294-50 (10th Cir. 2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir 2008); and, *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004).

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

> Second, the Court did not actually reach the issue of []whether the settlement offer of judgment under Federal Rule of Civil Procedure 68 mooted the individual claim.  It assumed this to be the case, based on the argument having been waived in the courts below, and then moved on to examine what effect a moot individual claim would have on a FLSA action.  *Id.* at 1527-29

*Id.*, page 5, lines 15-27.

Ultimately, Judge Carter concluded that *Genesis* did "not cover class actions, nor does it even address how a rejected offer could moot a claim.  Like other district courts in the Ninth Circuit to confront Tomy's argument, this Court Concludes that *Pitts* is controlling here.  See *Chen v. Allstate Ins. Co.,* C 13-0685 PJH, 2013 WL 2558012 (N.D. Cal. June 10, 2013); *Canada v. Meracord, LLC*, C12-5657 BHS, 2013 WL 2450631 (W.D. Wash. June 6, 2013)."  *Id.*, page 6, lines 9-13.

Here, there are no grounds for a difference of opinion with regard to the situation at bar.  The Ninth Circuit, and district courts within the Ninth Circuit, have repeatedly followed *Pitts*.  As discussed above, this Court is also required to continue to follow *Pitts* because no competent body has overruled *Pitts*.  The Supreme Court in *Genesis* refused to address the issue at bar in *Pitts* and *Damasco* is not binding upon this Court.  Therefore, a rejected Rule 68 Offer of Judgment does not moot a class representative's claim in the Ninth Circuit.  Thus, Defendant's Motion should be denied.

///

///

///

///

///

///

**b. <u>Canada v. Meracord, LLC</u>**

On June 6, 2013, the Honorable Benjamin H. Settle of the United States District Court, Western District of Washington, issued an Order Denying defendant Meracord, LLC.'s ("Meracord") Motion to Dismiss plaintiff Dinah Canada's ("Canada") Complaint. A true and correct copy of Judge Settle's Order is attached to the Declaration of Abbas Kazerounian as Exhibit B.

On July 24, 2012, Canada, along with other plaintiffs, filed a class action complaint against numerous defendants, including Meracord, alleging violations of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; the Washington Debt Adjusting Act, RCW Chapter 18.28; the Washington Consumer Protection Act, RCW Chapter 19.86; aiding and abetting the commission of unfair deceptive business conduct; breach of fiduciary duty; and, unjust enrichment. Judge Settle's Order, pages 1-2, lines 22-8. On April 25, 2013, Meracord served plaintiff Marie Johnson-Peredo ("Johnson-Peredo") with an offer of judgment for $13,058.46, plus reasonable attorneys' fees, costs, and expenses. *Id*. at page 2, lines 9-11. After Johnson-Peredo rejected Meracord's Rule 68 Offer of Judgment, Meracord filed a Motion to Dismiss Johnson-Peredo's claims.

Judge Settle quickly denied Meracord's Motion stating that "[t]he law of the Ninth Circuit...is 'that an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action." *Id*. at lines 18-21 quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-1092 (9th Cir. 2011).

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Furthermore, Judge Settle was also unpersuaded by Defendant's reliance upon *Genesis* since *Pitts* was "directly on point." Id. at pages 2-3, lines 21-2. Like Judge Carter, Judge Settle held that there was nothing to indicate the specific holding of *Genesis* extended beyond FLSA collection actions. *Id*. at page 3, lines 9-10. "In fact, [*Genesis*] explicitly distinguished class certification case law on the issues of significant personal stake, inherently transitory claims, and frustrating the purposes of class actions by allowing a defendant to 'pick-off' named plaintiffs." *Id*. at lines 10-13 (internal citations omitted). Therefore, Judge Settled declined to apply *Genesis* to the facts of *Canada*. *Id*. at lines 13-14.

Here, the Ninth Circuit's position with regard to this issue has been repeatedly reaffirmed. Defendant's attempt to create a difference of opinion by relying on out-of-circuit authority that contradicts binding Ninth Circuit authority should be disregarded. In the Ninth Circuit, a rejected Rule 68 Offer of Judgment does not moot a class representative's claim. Thus, Defendant's Motion should be denied because there are no grounds for a difference of opinion in the Ninth Circuit.

## IV.   <u>CONCLUSION</u>

Based upon the forgoing, Defendant cannot meet Defendant's burden to certify this Court's June 10, 2013 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) because there are not substantial grounds for difference of opinion in the matter at bar. The Ninth Circuit, with uniform support from district courts within the Ninth Circuit, established that "an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-1092 (9th Cir. 2011). Therefore, Plaintiffs request this Court deny Defendant's Motion.

///

Dated: July 16, 2013                    Respectfully submitted,

                                        KAZEROUNI LAW GROUP, APC


                                        By:    /s/ Abbas Kazerounian
                                               ABBAS KAZEROUNIAN, ESQ.
                                               ATTORNEY FOR PLAINTIFFS


[ADDITIONAL PLAINTIFFS' COUNSEL]

HYDE & SWIGART
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022


LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705