UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD CHEN, et al.,

    Plaintiffs,

    v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____/

No. C 13-0685 PJH

**ORDER AMENDING JUNE 10, 2013 ORDER; ORDER STAYING ACTION**

      Before the court is the motion of defendant Allstate Insurance Company ("Allstate") for an order amending the June 10, 2013 order to certify it for interlocutory appeal under 28 U.S.C. § 1292(b), and for an order staying this action pending the Ninth Circuit's decision on interlocutory appeal. Plaintiffs oppose the motion. Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, the court hereby GRANTS the motion.

**BACKGROUND**

      This is a case filed as a proposed class action, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). The complaint asserts that defendant Allstate Insurance Company engaged in unlawful activities by contacting the two named plaintiffs and the members of the proposed class on their cell phones without their consent.

      Allstate made a Rule 68 offer of judgment to the two named plaintiffs, Richard Chen ("Chen") and Florencio Pacleb ("Pacleb"). Chen accepted the offer, but Pacleb did not. Allstate then filed a motion to dismiss Pacleb's claims (and the entire case) for lack of subject matter jurisdiction, arguing that because the offer made to Pacleb was in complete satisfaction of his claims, his claims had become moot as there was no longer a case or

controversy.

On June 10, 2013, the court issued an order denying the motion to dismiss for lack of subject matter jurisdiction. Relying on Pitts v. Terrible Herbst, Inc., 653 F.3d 1081 (9th Cir. 2011), the court held that even if Pacleb's claims were moot, the entire case could not be dismissed because it was filed as a proposed class action, and Pacleb could still move for class certification on behalf of the members of the proposed class.

In its motion, Allstate argued that Pitts had been overruled "sub silentio" by the Supreme Court's recent decision in Genesis Healthcare Corp. v. Symczyk, __ U.S. __, 133 S.Ct. 1523 (2013). In that case, the Court held that in a collective action under the Fair Labor Standards Act ("FLSA"), where the employer extends a Rule 68 offer of judgment in full satisfaction of the named plaintiff-employee's claimed damages and fees, the named plaintiff's FLSA claim becomes moot and the collective action is no longer justiciable because the named plaintiff no longer has any personal interest in representing others in the collective action.

On July 2, 2013, Allstate filed the present motion to amend the June 10, 2013 order to certify it for interlocutory appeal under 28 U.S.C. § 1292(b), and to stay this litigation pending the interlocutory appeal.

**DISCUSSION**

A.  Legal Standard

The rule allowing a party to seek certification to appeal an interlocutory order, 28 U.S.C. § 1292(b), is a departure from the normal rule that only final judgments are appealable, and therefore it must be construed narrowly. James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067-68 n.6 (9th Cir. 2002). A district court may certify an order for interlocutory review pursuant to § 1292(b), but "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982) (emphasis added).

To obtain interlocutory review under § 1292(b), the party seeking relief must satisfy certain requirements. Couch v. Telescope, 611 F.3d 629, 633 (9th Cir. 2010). The district

2

court must find that the party has established the existence of a controlling question of law, and substantial grounds for difference of opinion, and that the party has shown that an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement, 673 F.2d at 1026 (citing 28 U.S.C. § 1292(b)).

An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. (citation and quotation omitted). "Although resolution of the issue need not necessarily terminate an action in order to be 'controlling,' . . . it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (1990).

A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F.Supp. 792, 800 (N.D. Cal. 1992), abrogated on other grounds by Brockmeyer v. May, 361 F.3d 1222, 1226-27 (9th Cir. 2004). Substantial grounds for a difference of opinion required to certify an order for interlocutory review arise when an issue involves one or more difficult and pivotal questions of law not settled by controlling authority. See 28 U.S.C. § 1292(b).

The third requirement – that the appeal be likely to materially speed the termination of the litigation – is linked to the question whether an issue of law is "controlling," in that the district court should consider the effect of a reversal on the management of the case. Mateo, 805 F.Supp. at 800 (citing In re Cement, 673 F.2d at 1026). If, on the other hand, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988).

B.   Defendant's Motion

Allstate argues that the requirements for certification under § 1292(b) are met. First, Allstate contends that the June 10 order involves a controlling issue of law because if the Ninth Circuit holds that this putative class action is rendered moot by Allstate's Rule 68 offer, this case will be dismissed for lack of subject matter of jurisdiction.

Second, Allstate asserts that there are substantial grounds for a difference of

opinion. Allstate contends that before Genesis Healthcare, the Circuits were divided on this issue – e.g., the Seventh Circuit differed from the Ninth Circuit. In addition, district court opinions issued after Genesis Healthcare have reached different conclusions as to the Genesis decision's applicability to Rule 23 putative class actions. Allstate notes that even this court acknowledged that the question whether a Rule 68 offer moots a Rule 23 putative class action where a class has not yet been certified "remains unsettled." Allstate argues that certification will enable the Ninth Circuit to determine whether Pitts is good law in light of Genesis Healthcare – an issue on which there is substantial difference of opinion, and which is also an important jurisdictional issue that will affect other cases.

Third, Allstate contends that an immediate appeal may materially advance the ultimate termination of this litigation because, if the Ninth Circuit determines that Pacleb's claim is moot, there will be no subject matter jurisdiction over the case and it will be dismissed.

In opposition, plaintiffs assert that the Ninth Circuit has already determined (in Pitts) that a Rule 68 offer of judgment that fully satisfies a named plaintff's individual claim before a class is certified does not moot the entire case. Plaintiff contends that because Genesis did not address whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot – finding that that specific issue was not before it – it is impossible for Genesis to have overruled Pitts.

Second, plaintiffs contend that there are no grounds for a difference of opinion – that neither the fact that Allstate disagrees with the court's June 10, 2013 order, nor the fact that some other Circuits (such as the Seventh) have taken a different approach than the Ninth Circuit is sufficient to establish a substantial ground for difference of opinion, as the standard requires. Plaintiffs also cite two district court decisions from within the Ninth Circuit, in which the courts held that Genesis did not overrule Pitts, and that the Supreme Court's ruling regarding FLSA collective actions is not clearly applicable in Rule 23 class actions.

In reply, Allstate argues that the Ninth Circuit has not decided the exact issue posed

4

by Allstate – whether Genesis overruled Pitts. Allstate also reiterates that there are substantial grounds for a difference of opinion, primarily based on this court's comment that the controlling law is unclear, but also based on the split in the Circuits. Allstate also notes that plaintiffs have not opposed Allstate's request for a stay pending appeal.

The court finds that the motion must be GRANTED. While the Supreme Court did not clearly overrule Pitts, it did take issue with the precedent on which Pitts relies. Thus, resolution of the issue raised by Allstate on appeal could materially affect the outcome of the litigation in this court – even to the point of materially speeding the outcome of the litigation. Moreover, while it is not entirely clear that there is a substantial ground for difference of opinion within the Ninth Circuit, the lack of decisions by other courts on this issue is no doubt attributable to the fact that the decision in Genesis Healthcare was issued only three and a half months ago.

The court would welcome the Ninth Circuit's view as to whether its Pitts decision remains good law in light of Genesis Healthcare.

**CONCLUSION**

In accordance with the foregoing, the motion is GRANTED. Further, the case is STAYED pending a decision by the Ninth Circuit. Defendant shall advise the court immediately regarding the Ninth Circuit's decision whether to permit the appeal.

**IT IS SO ORDERED.**

Dated: July 31, 2013

PHYLLIS J. HAMILTON
United States District Judge

5